# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| **ANTHONY E. GRIGSBY,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No.: 1:24-cv-98-AA-MU |
| ) | |
| **KOCH FARMS OF GADSDEN,** ) | |
| **LLC,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Before the court is Koch Farms of Gadsden, LLC, Koch Foods of Alabama, LLC, Koch Foods, Inc., and Koch Foods, LLC's (collectively "Koch") motion to dismiss Plaintiffs Anthony Grigsby, Christy Grigsby, and Grigsby Farms's fraud claim in the underlying operative complaint. (Doc. 37). For the reasons set out below, the motion is due to be denied.

### I. BACKGROUND

The majority of the parties in this case have been litigating the claims presented since 2020. For the court's present purposes, the facts relating to each claim are not as important as the procedural facts in this case and two other federal cases. Using the applicable standard, the court begins by setting out the facts in the light most favorable to the Grigsbys.

1.   Factual Background

Christy and Anthony Grigsby were the sole owners of Grigsby Farm, a farm located in the Middle Division of the Northern District of Alabama. (Doc. 33 ¶¶ 10, 11). The Koch Defendants "operate as either an affiliate or as a part of" Koch Foods, Inc., "a poultry integrator involved in the raising, slaughtering, and processing of chickens for the production of various fresh or frozen poultry products for sale to the public." (*Id.* at ¶¶ 14–18). As part of their business, Koch provides chickens to independent contractor farmers, who "grow[]" the chickens until they are ready for Koch to slaughter and sell them. (*See id.* ¶¶ 15, 20).

The Grisgbys grew broiler chickens under a contract with Koch Farms of Gadsden, LLC from 2008 to January 2019. (*Id*. at ¶ 35). In 2017, Koch downgraded the Grigsbys' broiler house rating from a Class A rating to a Class B rating. (Doc. 33 ¶ 99). In 2019, Koch stopped providing chickens to them. (*Id.* ¶ 35).

2.   Procedural Background

To fully understand the issue presented, the court sets out the procedural history of three different legal proceedings that relate to the parties here. One is the Grigsbys' bankruptcy case, the two others are civil actions filed against many of the defendants in this case arising out of the same set of material facts. The court will begin with the bankruptcy action and then set out the history of the civil actions in the order in which they were filed.

                                            a.      *The Bankruptcy Action*

In January of 2019, the Grigsbys filed bankruptcy. *See In re: Anthony Evan Grigsby and Christy Mechelle Grigsby,* No. 19-401458-JJR7, docs. 1, 10 (Bankr. N.D. Ala. Jan. 31, 2019; Feb. 2, 2019).[1] For clarity, the court will refer to this action as "*Bankruptcy*". Rocco Leo was appointed trustee of the Grigsby's bankruptcy estate. (*Bankruptcy*, doc. 10).

The Grisby's bankruptcy petition identified their poultry farm and claims against Koch for "wrongful interference with business and personal injury" as assets of the bankruptcy estate. (*Bankruptcy,* doc. 1 at 6, 10, 15). The estate later settled the personal injury claim and the proceeds from the settlement were deposited as an asset of the Estate. (*Id.*, doc. 107 at 4). The settlement did not resolve the estate's claim against the defendants for its alleged Packers and Stockyard Act violation and "various resulting claims." (*Id.*). Those claims were presented in the Estate's lawsuit discussed below.

The Bankruptcy Court discharged the Grigsbys' bankruptcy on June 8, 2023. (*Id.*, doc. 171).

---

[1] The court takes judicial notice of the court records in the Grigsbys' bankruptcy as well as the Grigsbys' first civil suit, *Rocco Leo v. Koch Foods, LLC*, No. 20-1997 (N.D. Ala.). *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of [other] courts.").

### b.     The Estate's Lawsuit

Mr. Leo and the Grigsbys filed suit against Koch Foods, LLC, Koch Farms of Gadsden, LLC, Koch Farms, LLC, JCG Farms of Georgia, LLC, JCG Farms of Alabama, LLC and Koch Foods, LLC in his capacity as the trustee of the Grigsby Bankruptcy Estate in December 2020. *Rocco Leo v. Koch Foods, LLC,* No. 20-1997, doc. 1 (N.D. Ala. Dec. 11, 2020). The court refers to this case as *Grigsby I*. *Grigsby I* invoked this court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 and alleged state law claims and a violation of the Packers and Stockyards Act of 1921. (*Grigsby I*, doc. 1 at 31). The plaintiffs filed an amended complaint (*Id.*, doc. 5) pursuant to this court's order (*Id.*, doc. 4) in advance of the defendants' service of process.

Koch Farms, LLC, Koch Farms of Gadsden LLC, and Koch Foods, LLC's first appearance came in the form of a motion to dismiss for lack of standing and for a more definite statement. (*Id.*, doc. 13). As support for their standing argument, the defendants contended that the Grigsbys should be dismissed because Mr. Rocco, as the trustee of the Grigsby's Chapter 7 Bankruptcy Estate, was the only real party in interest. (*Grigsby I*, doc. 14). The court did not address whether Mr. Leo was the real party in interest because it found that the complaint was an impermissible shotgun pleading and ordered it repleaded. (*Id.*, doc. 15). Thereafter, the Plaintiffs filed a second amended complaint. (*Id.*, doc. 18).

Defendants filed two different pleadings in response to the second amended complaint. The first motion was captioned as a motion to dismiss certain plaintiffs for lack of standing and for more definite statement but argued plaintiffs failed to state a claim or, in the alternative, a more definite statement. (*Id.*, doc. 20). The second motion was captioned as, and substantively addressed, motions to dismiss or for a more definite statement. (*Grigsby I*, doc. 22). Both motions were filed on the same day. Neither motion asserted the defendants' argument that the Grigsbys lacked standing because they were not real parties in interest. (*Id.*, docs. 20, 22). The motions were ultimately denied. (*Id.*, doc. 34).

Two weeks later, the defendants filed a successive motion to dismiss. (*Id.*, doc. 35). In this motion, the defendants substantively argued that the Grigsbys lacked standing to bring claims. (*Grigsby I*, doc. 36 at 7–8). Because the matter of standing relates to the court's jurisdiction to hear claims, the court ordered briefing on that issue. (*Id.*, doc. 37). Plaintiffs responded to the motion clarifying that "[the Grigsbys] are not trying to bring claims in their own names in this matter" and that only claims asserted were made "through the Trustee as real party in interest." (*Id.*, doc. 39 at 2 n.1). The court thereafter dismissed the Grigsbys. (*Id.*, doc. 42). Mr. Leo remained as the real party in interest.

Mr. Leo filed his third amended complaint on March 8, 2022 against Koch Foods of Gadsden, LLC and Koch Foods, Inc. only. (*Grigsby I*, doc. 61). The third

amended complaint stated a federal claim based on a violation of the Packers and Stockyards Act of 1921, and state law claims of breach of contract and fraud. (*Id.*). Yet again, the Defendants moved to dismiss the complaint. (*Id.*, doc. 66). The court subsequently dismissed without prejudice the fraud claim to the extent that it relied on allegations other than those contained in docket entry 61 at paragraphs 98–109. (*Id.*, doc. 81; *see also Grigsby I,* doc. 80 at 13–14).

Shortly after the court ruled on the motion to dismiss, the defendants amended their answer to include the affirmative defense of release pursuant to the terms of a PSA class action settlement in *In re: Broiler Chicken Grower Litigation,* 17-00033, (E.D. Okla.), in the Eastern District of Oklahoma. (*Grigsby I*, doc. 85). The court granted the motion (*id.* at doc. 97), the defendants filed their amended answer (*Grigsby I*, doc. 98), and moved for summary judgment on the PSA claim (*Grigsby I*, doc. 112).

While the parties briefed the motion for summary judgment, Mr. Leo submitted evidence that the Grigsbys' bankruptcy was discharged and moved to be substituted by Mr. and Ms. Grigsby pursuant to 11 U.S.C. § 554(c). (*Grigsby I*, doc. 116 at 2). The defendants did not oppose the motion. A month later, the court granted the defendants' motion for summary judgment on the PSA claim. (*Grigsby I*, doc. 121). After dismissing the sole federal claim upon which the basis for this court's jurisdiction rested, the court declined supplemental jurisdiction over the two

remaining claims and entered partial judgment and a final order on February 2, 2024. (*Grigsby I*, doc. 122).

### c. *The Second Lawsuit*

After this court dismissed the state law claims without prejudice in *Grigsby I*, Christy and Anthony Grigsby timely filed this lawsuit against Koch Farms of Gadsden, Koch Foods of Alabama, Dion Loren Rainwater, Koch Foods, Inc., and Koch Foods, LLC on March 4, 2024 in Baldwin County Circuit Court. (*See* doc. 1-1 at 6). The complaint asserted two claims: breach of contract and fraud. (*Id.* at 49–53). The court refers to this case as *Grigsby II*.

Koch timely removed *Grigsby II* to the United States District Court Southern District of Alabama (doc.1), and it was subsequently reassigned to the undersigned, sitting by designation (doc. 6). *Grigsby II's* original complaint has been amended once (doc. 33) and the amended complaint is the subject of a motion for partial dismissal (doc. 37). Defendants seek to dismiss Mr. and Ms. Grigsby's fraud claim contending that it is barred by the statute of limitations.

## II. DISCUSSION

Koch moves to dismiss the Grigsbys' fraud claim under Federal Rule of Civil Procedure 12(b)(6) as barred by the statute of limitations. (Doc. 37). Dismissal on statute-of-limitations grounds is proper only where it is "apparent from the face of the complaint that the claim is time-barred." *Wainberg v. Mellichamp*, 93 F.4th

1221, 1224 (11th Cir. 2024) (citation and internal quotation marks omitted). Koch contends that the Grigsbys' complaint establishes that the statute of limitations began to run on July 31, 2017, ran August 1, 2019, and *Grigsby I* was filed in December 2020, eighteen months after the statute of limitations expired. (Doc. 38 at 6–7). Koch acknowledges that the Bankruptcy Code provides trustees additional time to file suit and that Mr. Leo filed *Grigsby I* within that time period. (Doc. 38 at 7 (citing 11 U.S.C. § 108)). And Koch does not contend that the Grisgbys failed to refile their claims within the time allowed under 28 U.S.C. § 1367(d). Koch maintains the case should not dismissed because the Grigsbys were not entitled to a stay of the statute of limitations when *Grigsby I* was filed and therefore they are not entitled to pursue them now.

Koch does not cite any authority for its novel theory. Koch also fails to acknowledge or contend with *Grigsby I's* procedural history and its implications in *Grigsby II*. In *Grigsby I*, the defendants properly argued that the claims against it were the property of the Grigsby's bankruptcy estate, not the Grigsbys and therefore Mr. Leo was the sole real party in interest. (*Grigsby I*, doc. 36 at 7–8; *see also Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (citing 11 U.S.C. § 541(a)(1)). But after the bankruptcy estate is discharged, any property scheduled under 11 U.S.C. § 521(a)(1) not otherwise administered—including any civil legal claim—returns to the possession and control of the debtor. 11 U.S.C. § 544(c).

In *Grisby I*, Mr. Leo moved to transfer his interest in that case and be substituted for the Grigsbys when the *Bankrupcty* was discharged. (*Grigsby I*, doc. 116). The defendants did not oppose the motion. The court granted the motion on September 12, 2023 and directed the clerk of the court to update the docket to reflect the Grigsbys as the named plaintiffs. (*Id.*, doc. 117). There was no change in the parties or causes of action and Koch offers no argument why the substitution does not relate back to the commencement of the action.

In light of the foregoing, the court **WILL DENY** Koch's motion to dismiss the Grigsbys' fraud claim.

**DONE** and **ORDERED** this March 31, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE